IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ROYCE CALVIN SANDS, II**,

    Plaintiff,

vs.                                                         **Civil No. 09-274 WJ/WDS**

**JAMES WAYLON COUNTS,**

    Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING CASE

**THIS MATTER** comes before the Court on state-district-court Judge James Waylon Counts' Motion to Dismiss pro se Plaintiff Royce Calvin Sands, II's Amended Complaint, filed August 3, 2009 [Doc. 14], and, because Sands is proceeding *in forma pauperis*, on the Court's obligation to dismiss any action that "seeks monetary relief against a defendant who is immune from suit" or otherwise "fails to state a claim" under 28 U.S.C. § 1915(e)(2)(B). Because the Court concludes that Judge Counts is absolutely immune from suit and that the other relief Sands requests is prohibited either by the *Rooker-Feldman* or *Younger*-abstention doctrines, the Court will grant Judge Counts' motion and dismiss the Amended Complaint.

**I. THE COMPLAINT.**

Sands filed suit under 28 U.S.C. § 1983 against Judge Counts, who has presided over three state-court suits in which Sands is a party. Sands contends that the "routine practices and policies of defendant's State court . . . have deprived plaintiff of his constitutionally protected rights First, Seventh, and Fourteenth Amendment rights" for the past seven years. Am. Compl. (Doc. 10) at 1. Sands complains that in 2002, after Judge Counts discovered that Sands has been a "somewhat successful and published 'jailhouse litigator'," *id.* at 2, Judge Counts began demonstrating bias and prejudice against him by ignoring Sands' motions and granting his opponent's motions, *see id.* at

2-3; by interrupting and rebuking him at hearings and demonstrating a "dismissive" attitude toward case law that Sands cited, *id.* at 3; by dismissing Sands' 2001 case on a basis that was not raised by the defendants, *see id.*; and by not allowing Sands to bring suit on claims belonging to a limited liability corporation that he has established to hold his assets, *see id.* at 4.

Sands contends that, in June 2008, Judge Counts improperly dismissed a lawsuit brought by out-of-state creditors against Sands and refused to allow Sands' counter-claims to go forward; that Judge Counts had ex-parte communications with the plaintiffs, and that Judge Counts "berated" Sands at the hearing. *See id.* at 5.

Sands alleges that Judge Counts failed to send copies of his orders to Sands in a third suit for malpractice that Sands brought in 2008 against his veterinarian and has delayed free service of process; that Judge Counts spoke too softly and then refused to explain his "legal phrases" at a scheduling conference; that Judge Counts showed animus towards him and improperly refused to allow him a jury trial because Sands had not paid the jury fees (for which Sands contends he is not liable because he was granted permission to proceed IFP); that Judge Counts addressed motions at the scheduling conference that Sands was not given notice would be addressed, and that Judge Counts gave the defendants another week to answer Sands' complaint, thereby demonstrating Judge Counts' bias against him. *See id*. at 5-7. Sands states that Judge Counts became angry when Sands insisted that the defendant was bound by the findings of the New Mexico Board of Veterinary Medicine and was foreclosed from litigating the issue of negligence. *See id.* at 8.

For his first cause of action, Sands contends that Judge Counts is liable for violation of Sands' right to equal protection under the Fourteenth Amendment and that his actions are also crimes under 18 U.S.C. § 242. *See id.* at 11. His second cause of action is for violation of his right to "Adequate Notice" under the Fourteenth Amendment and violation of § 242. *See id.* The third

2

cause of action is for violation of his right to Due Process under the Fourteenth Amendment and for violation of § 242.  *See id.*  The fourth cause of action is for violation of the First Amendment by denying Sands "adequate, effective, and meaningful court access," and for falsifying state records and violating state law and § 242.  *Id.*  The fifth cause of action asserts deprivation of Sands' right to a jury trial in violation of the Seventh Amendment and § 242.  *Id.*  The sixth cause of action is for a declaratory judgment declaring New Mexico's state laws regarding a "manager's" right to bring suit on behalf of a limited liability corporation to be unconstitutional.  *See id.* at 12.  The seventh cause of action contends that Counts' failure, along with an unnamed appellate judge, to apply "the accepted judicial standard of 'explicit mandatory language'" when construing state law, constitutes a "conspiracy to deprive" in violation of § 242.  *Id.*  The eighth cause of action alleges that Judge Counts' 2002 ruling that prohibited him from suing on behalf of the limited liability company deprives him of "state-created liberty interests."  *Id.* The ninth cause of action alleges violation of the First and Fourteenth Amendments, § 242, and the state Code of Judicial Conduct by Judge Counts showing bias against Sands because of his socioeconomic status.  *See id.* And in his tenth cause of action, Sands makes an omnibus claim including all of the above alleged violations on behalf of himself and "an entire sub-class of lower income State citizens." *Id.* at 12-13.

Sands requests the following relief: a declaratory judgment governing his right to sue on behalf of his limited liability company and mandating the standards state courts must use in interpreting his rights; a declaratory judgment stating that Judge Counts' practices and policies unconstitutionally deprive him and other low-income citizens from access to the courts and deprive them of their liberty interest to be free from bias and prejudice; an injunction enjoining the state-court practices about which Sands complains; and $12,000 in compensatory damages for emotional

and mental distress Sands allegedly suffered as a result of the violation of his constitutional rights. *See id.* at 13.

## II.     APPLICABLE LEGAL STANDARD.

A complaint does not require "detailed factual allegations," but the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks and bracket omitted). A complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Id.* at 1974. In resolving a motion to dismiss brought under rule 12(b)(6), the court must determine whether the factual allegations are sufficient "to raise a right to relief above the speculative level," while assuming "that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (internal quotation marks omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based," even in a complaint prepared by a pro se plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## III.    ANALYSIS

### A.  Judge Counts has absolute judicial immunity.

As the Ninth Circuit Court of Appeals carefully explained to Sands eighteen years ago, when he unsuccessfully sued several Arizona appellate and state-court judges and their court clerks, "[j]udges are absolutely immune from section 1983 liability for damages for their judicial acts unless they act in the clear absence of all jurisdiction." *Sands v. Ariz. Supreme Court,* No.. 90-15897, 1991 WL 144406, *6 (9th Cir. July 31, 1991). It continues to be well established that

"judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).  To determine whether a defendant is entitled to absolute judicial immunity, courts consider whether the act itself is a function normally performed by a judge and whether the judge acted in his judicial capacity.  *See id.* at 362.  Absolute immunity exists even if the judge's "exercise of authority is flawed by the commission of grave procedural errors," *id.* at 359, and "is overcome in only two sets of circumstances.  First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted).  Absolute judicial immunity was not affected or abolished "by § 1983, which makes liable 'every person' who under color of law deprives another person of his civil rights." *Pierson v. Ray*, 386 U.S. 547, 554 (1967), *overruled in part on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

Here, all of the acts that Sands complains damaged him were performed by Judge Counts acting in his judicial capacity in a case over which he had jurisdiction.  Judge Counts is, therefore, absolutely immune from suit, and Sands' claims against him shall be dismissed with prejudice.

**B.  Sands' first request for declaratory judgment is barred by the *Rooker-Feldman* doctrine.**

The *Rooker-Feldman* doctrine prevents federal district courts from assuming jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284

5

(2005); *Guttman v. Khalsa*, 446 F .3d 1027, 1032 (10th Cir. 2006) (noting that the *Rooker-Feldman* doctrine applies only to "suits filed after state proceedings are final" and setting out what events may indicate such finality). Thus, plaintiffs are generally barred "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994); *Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 437 (10th Cir. 1992) (holding that dismissal of federal suit seeking damages was proper "to the extent that Plaintiff's allegations can be construed as seeking redress for constitutional infirmities in the [state-court] proceeding under 42 U.S.C. § 1983"). Instead, review of the state-court judgment and the underlying rulings must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257.

Further, the *Rooker-Feldman* doctrine bars consideration of constitutional claims that are "inextricably intertwined" with the state-court judgment because the district court, "in essence, is being called upon to review the state-court decision." *D. C. Court of Appeals v. Feldman,* 460 U.S. 462, 483 n. 16 (1983). A "federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Pennzoil Co. v. Texaco Inc*., 481 U.S. 1, 25 (1987) (Marshall, J., concurring).

Here, Sands' requests that the Court essentially reverse the rulings Judge Counts made in Sands' 2002 suit by declaring unconstitutional the New Mexico law that prohibited him, for lack of standing, from bringing a cause of action belonging to the limited liability corporation isred by

the *Rooker-Feldman* doctrine.

### C. Sands' other requests for declaratory and injunctive relief are not viable.

As noted, *supra*, Sands requests both (i) a declaratory judgment stating that Judge Counts' practices and policies unconstitutionally deprive him and other low-income citizens from access to the courts and deprive them of their liberty interest to be free from bias and prejudice, and (ii) an injunction prohibiting such practices. The Court cannot grant the requested relief.

> Under the abstention doctrine articulated by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), "federal courts should not 'interfere with state court proceedings' by granting equitable relief -- such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings" when the state forum provides an adequate avenue for relief. *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)). This refusal to exercise federal jurisdiction arises from a desire to "avoid undue interference with states' conduct of their own affairs." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999) (quoting *Seneca-Cayuga Tribe v. Oklahoma*, 874 F.2d 709, 711 (10th Cir.1989)).
>
> For *Younger* abstention to be appropriate, three elements must be present: (1) interference with an ongoing state judicial proceeding; (2) involvement of important state interests; and (3) an adequate opportunity afforded in the state court proceedings to raise the federal claims. *Valdez*, 186 F.3d at 1291 (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982)).

*Sw. Air Ambulance, Inc. v. City of Las Cruces*, 268 F.3d 1162, 1177-78 (10th Cir. 2001). All three elements are met in this case: there are ongoing state judicial proceedings involving Sands; there are important state interests in carrying out state procedures for plaintiffs desiring to have the state pay for their litigation costs; and there is an adequate opportunity for Sands to request mandamus or appellate relief from the New Mexico state appellate courts if he believes the state court is not properly handling his case. Further, Sands cannot bring claims on behalf of other alleged victims of the state-court system. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir.

2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

### D. Sands has no cause of action for violation of criminal statutes.

Sands alleges violation of 18 U.S.C. § 242, but

> courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. 241-242 (the criminal analogue of 42 U.S.C.1983").

*Higgins v. Neal*, No. 94-1154, 52 F.3d 337 (Table), 1995 WL 216920, *1 (10th Cir. April 12, 1995); *see Clements v. Chapman*, Nos. 05-1362, 05-1429, 189 Fed. Appx. 688, 692, 2006 WL 1739826, **3 (10th Cir. June 27, 2006) (noting that federal criminal statutes, including § 242, do not provide private causes of action, and § 1983 does not allow a plaintiff to pursue violations of federal criminal law). Sands has no cause of action for alleged violations of § 242.

## IV. CONCLUSION

The Court must grant Judge Counts' motion to dismiss and must also dismiss the remaining requests for relief in Sands' Amended Complaint for failure to state viable claims under 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending motions are mooted by the dismissal.

The Court notes that Sands abused his status as a pro se litigant proceeding without prepayment of costs or fees to file this case against a judge when he had already been instructed that judges are absolutely immune from suit. *See Sands v. Ariz. Supreme Court*, No. 90-15897, 1991 WL 144406 (9th Cir. July 31, 1991). He has filed many other cases appearing pro se and IFP that have been dismissed for various reasons[1]. *See, e.g., Sands v. Ariz. Dep't of Economic Security*, No.

---

[1] It is unclear whether Sands appeared pro se in his federal habeas petition that was dismissed, in which he alleged that he was denied effective assistance of counsel during hostage negotiations conducted over a five-day period while law enforcement attempted to free his

86-6568, 481 U.S. 1045 (May 18, 1987) (dismissing appeal for want of jurisdiction); *Sands v. Lewis* 886 F.2d 1166, 1167-68 (9th Cir. 1989) (affirming dismissal, for failure to state a claim, of Sands' claims for violation of his constitutional rights to free speech and due process, but remanding for the district court to give Sands an opportunity to amend his complaint to try to allege an actual injury caused by an alleged denial of access to the courts); *Sands v. Adams*, No. 88-2704, 889 F.2d 1096 (Table), 1989 WL 143128 (9th Cir. Nov. 20, 1989) (affirming order granting summary judgment in favor of defendants who were employees at the Arizona DOC in an action for damages brought under § 1983); *Sands v. Crist*, No. 89-15502, 892 F.2d 1046 (Table), 1989 WL 155439, *1 (9th Cir. Dec. 15, 1989) (affirming order granting summary judgment in favor of prison-official defendants); *Sands v. Ariz. Dep't of Corr.*, No. 89-15876, 909 F.2d 1489 (Table), 1990 WL 107863, *4 (9th Cir. July 27, 1990) (holding that the district did not err in either granting the defendants' motion to dismiss or in directing a verdict in favor of defendants).

Sands is cautioned that if he files further suits in this Court against immune defendants or files complaints for which this Court does not have subject-matter jurisdiction or that are otherwise frivolous, the Court may impose filing restrictions and other sanctions.

**NOW, THEREFORE, IT IS ORDERED** that Sands' claims against Judge Counts are DISMISSED with prejudice; and his other claims are DISMISSED without prejudice.

_____
UNITED STATES DISTRICT JUDGE

---

hostages without bloodshed.  *See Sands v. Lewis*, No. 88-2835, 891 F.2d 295 (Table), 1989 WL 149228 (9th Cir. Dec. 7, 1989).